UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY BROCK, JR. ,

    Petitioner,

v.                                            Case No.:  2:24-cv-1081-SPC-NPM

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**OPINION AND ORDER**

    Before the Court is Gregory Brock Jr.'s Petition for Writ of Habeas Corpus (Doc. 1).  The Court must dismiss the Petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"  Section 2254 Rule 4.  On December 4, 2024, the Court ordered Brock to show cause why his Petition should not be dismissed as untimely.  Brock did not comply.  Rule 4 requires the Court to dismiss the Petition if Brock fails to show why his Petition is timely after notice and an opportunity to respond.  *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020).

    28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, sets a one-year period of limitation on the filing

of a habeas petition by a person in state custody. This limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Brock does not allege, nor does it appear from his Petition, that the statutory triggers in subsections (B)-(D) apply. Thus, the limitations period began to run on the date Brock's conviction became final. 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

According to state court records, the state appellate court affirmed Brock's conviction on February 1, 2013.[1] Brock's conviction became final 90

---

[1] The Court takes judicial notice of the 2nd District Court of Appeal of Florida Case Nos. 2011-5427 (Brock's direct appeal) and 2015-2836 (Brock's post-conviction appeal).

days later, when the time to petition the United States Supreme Court for certiorari expired. *See Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 617 (11th Cir. 2019). The state appellate court affirmed denial of Brock's state post-conviction motion on January 6, 2016, and entered its mandate on January 28, 2016. Brock's petition is untimely by almost eight years, and Brock has presented no valid grounds for equitable tolling.

Accordingly, it is now

**ORDERED:**

Gregory Brock, Jr.'s Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 (Doc. 1) is **DISMISSED**. The Clerk is **DIRECTED** to terminate any pending deadlines, enter judgment against Petitioner and for Respondent, and close this case.

### DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel,* 529 U.S. 473,

3

484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Brock has not made the requisite showing here and may not have a certificate of appealability on any ground of his Petition.

**DONE** and **ORDERED** in Fort Myers, Florida on January 14, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record